

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00107-CR

SCOTTY D. JUSTICE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2010-427,049 (Counts I, II, & III),
Honorable John J. "Trey" McClendon III, Presiding

September 11, 2019

## ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Scotty D. Justice appeals his convictions of two counts of aggravated sexual assault[1] and one count of aggravated assault.[2] The convictions were enhanced by prior felony convictions. The trial court sentenced appellant to seventy-five years'

---

[1] TEX. PENAL CODE ANN. § 22.021 (West 2019).

[2] TEX. PENAL CODE ANN. § 22.02 (West 2019).

confinement for each count of aggravated sexual assault and to ninety-nine years' confinement for aggravated assault. The sentences run concurrently.

The appellate record was originally due on May 28, 2019. The clerk's record was filed by this date. However, the court reporter, Ms. Breann Hays, notified the court on May 28 that she was unable to complete the reporter's record by the deadline due to her case load. Accordingly, we granted Ms. Hays a thirty-day extension to file the reporter's record. We subsequently granted her two more thirty-day extensions. By letter of July 31, 2019, we admonished Ms. Hays that no further extensions would be granted and that failure to file the reporter's record by August 28 would result in the appeal being abated and the cause remanded to the trial court without further notice. On September 3, 2019, Ms. Hays filed a fourth request for a thirty-day extension due to her case load.

We deny the request, abate the appeal, and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 35.3(c), 37.3(a)(2). On remand, the trial court shall use whatever means it finds necessary to determine the following:

(1)    what tasks remain to complete the filing of the reporter's record;

(2)    why Ms. Hays has not completed the necessary tasks;

(3)    what amount of time is reasonably necessary for the completion of those tasks; and

(4)    whether Ms. Hays can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that Ms. Hays will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. We further direct the trial court to issue findings of fact and conclusions of law

addressing the foregoing subjects and any orders it finds necessary.  The trial court shall cause its findings, conclusions, and any orders to be included in a supplemental clerk's record to be filed with the clerk of this court by October 11, 2019.  If, before that date, Ms. Hays completes the filing of the reporter's record, the trial court may report that fact to the clerk of this court in lieu of a supplemental clerk's record.

It is so ordered.

Per Curiam

Do not publish.